IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| ROBBIE JOHNSON, ET AL. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-05-066 |
| | § | |
| C & F OFFSHORE, INC. | § | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

On March 13, 2005, this Court conducted a Non-Trial in the above-styled and numbered cause with the consent of the parties pursuant to 28 U.S.C. § 636(c)(1).  The Court, having heard the evidence and arguments of counsel and having carefully considered the Plaintiff's Application for Attorney's Fee and Costs now issues the following Findings of Fact and Conclusions of Law.

1. That Defendant C & F Offshore, Inc., is an "enterprise" engaged in interstate commerce as defined by 29 U.S.C. § 203(s)(1) of the Fair Labor Standards Act (FLSA).

2. That Plaintiffs **Robbie Johnson, Hilda Hinojosa and Anita Villegas** were each employed by C & F Offshore as housekeepers at the home of Frenchie Baumgartner.

3. That Plaintiffs **Johnson, Hinojosa and Villegas** were non-exempt employees covered by the wage payment requirements of the FLSA.  Cf.  Hargis v. Wabash R.R. Co., 163 F.2d 608 (7th Cir. 1947)

4. That Plaintiffs **Johnson, Hinojosa and Villegas** were not paid overtime as required by the FLSA.

5. That C & F Offshore has shown no good faith or reasonable ground for believing the failure to pay overtime did not violate the FLSA, Armitage v. Emporia, 782 F.Supp. 537 (D.C. Kan. 1992), and that the Plaintiffs are, therefore, entitled to liquidated damages in amounts equal to the amount of unpaid overtime wages due to each of them.

6. That Plaintiff **Johnson** was employed by C & F Offshore for payment periods ending July 6, 2002 through May 1, 2004, during which she earned $6,398.01 of overtime wages which were not paid by C & F Offshore.

7. That Plaintiff **Hinojosa** was employed by C & F Offshore for payment periods ending May 17, 2003 through February 21, 2004, during which she earned $2,839.18 of overtime wages which were not paid by C & F Offshore.

8. That Plaintiff **Villegas** was employed by C & F Offshore for payment periods ending March 1, 2003 through May 1, 2004, during which she earned $2,013.21 of overtime wages which were not paid by C & F Offshore.

9. That Plaintiff **Johnson** is entitled to Judgment against C & F Offshore for the amount of $6,398.01 as actual damages and liquidated damages in the amount of $6,398.01.

10. That Plaintiff **Hinojosa** is entitled to Judgment against C & F Offshore for the amount of $2,839.18 as actual damages and liquidated damages in the amount of $2,839.18.

11. That Plaintiff **Villegas** is entitled to Judgment against C & F Offshore for the amount of $2,013.21 as actual damages and liquidated damages in the amount of $2,013.21.

12. That the Plaintiffs' Motion for Attorney's Fees and Costs (Instrument nos. 21) is **GRANTED** pursuant to 29 U.S.C. § 216(b).

13. That Plaintiff **Johnson** is entitled to the recovery of a reasonable attorney's fee from C & F Offshore in the amount of $6,604.16.

14. That Plaintiff **Hinojosa** is entitled to the recovery of a reasonable attorney's fee from C & F Offshore in the amount of $6,604.16.

15. That Plaintiff **Villegas** is entitled to the recovery of a reasonable attorney's fee from C & F Offshore in the amount of $6,604.16.

16. That any Findings of Fact not expressly made herein are **DEEMED** to have been made in support of this Court's Judgment.

**DONE** at Galveston, Texas, this ____20th____ day of March, 2006.

_____
John R. Froeschner
United States Magistrate Judge